## THE CITY OF KINGSTON.

### BUTLER v. THE CITY OF KINGSTON.

(District Court, D. Washington, N. D. November 24, 1896.)

SHIPPING—INJURY TO PASSENGER—BURDEN OF PROOF.

> The law imposes upon carriers of passengers the duty of exercising a high degree of care for their safety, and, in particular, of seeing that all openings in the decks of vessels, upon which passengers are permitted to walk, are securely closed or guarded; and, where a passenger is injured by the giving way of the cover of an opening in the deck, it is incumbent upon the owner of the vessel to show, affirmatively, that there was no fault or negligence on the part of the officers and crew, causing the injury.

In Admiralty. Libel by Lawrence P. Butler, claiming damages for a personal injury, suffered while a passenger on the steamer City of Kingston. Decree for libelant, awarding $1,200, with interest and costs.

R. W. Jennings and Wm. H. Gorham, for libelant.
James M. Ashton, for claimant.

HANFORD, District Judge. The libelant, while traveling as a passenger on the steamer City of Kingston, from Seattle to Port Townsend, stepped upon an iron lid, covering a round opening in the main deck, used for passing coal into the coal bunkers below. The lid was usually secure in its position, and flush with the surface of the deck, so that persons were in no danger of falling into the coal chute; but on this occasion, when Mr. Butler stepped there, the lid tipped, so that he fell partially into the hole, and was severely injured. The evidence shows affirmatively that the captain and officers were in the habit of carefully inspecting the vessel daily, but no officer made any particular examination of this opening in the deck after coal had been passed in a short time previous to the accident. The first mate, after testifying that he was on duty when the coal was passed in, and that he saw one of the crew, named Wilson, carefully remove the particles of coal from the edges of the opening, and put the cover in place, and stamp upon it, to make sure of its being in its proper position, afterwards corrected his testimony, admitting that he was entirely mistaken in regard to Wilson being the man who closed the opening. There is no satisfactory or convincing testimony as to the exact manner in which the covering was replaced. It is certain that the accident could not have happened if the lid had been in its proper place when the libelant stepped upon it, and there is no evidence to raise even a suspicion that Mr. Butler himself was in fault, or in any way contributed to his injury.

The law imposes upon carriers of passengers the general duty of exercising a high degree of care for their safety, and, in particular, the duty of seeing that all openings in the decks upon which passengers are permitted to walk are securely closed or properly guarded, so that they cannot become traps to catch the unwary; and I hold that, where a passenger is injured in the manner in which Mr. Butler was injured, it is incumbent upon the defendant to show affirmatively that there was no fault or negligence on the part of the officers and crew of the vessel causing the injury. In this case, the defendant having failed to show how the cover to this coal bunker came to be in a position which would admit of its tipping when Mr. Butler stepped upon it, it must pay damages to compensate him for his injury.

I find that the sum of $1,200 will be a reasonable compensation for the injury. A decree will be entered, awarding that sum and interest at 7 per cent. per annum from the date of filing the libel, and costs.